IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **AHWAR SULTAN**, *et al.*,<br><br>*Plaintiffs*,<br><br>v.<br><br>**DONALD J. TRUMP,** *et al.*,<br><br>*Defendants*. | Civil Action No.: 1:25-cv-01121<br><br>**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR TEMPORARY RESTRAINING ORDER** |

3

## **TABLE OF CONTENTS**

INTRODUCTION .................................................................................................................... 5

FACTUAL BACKGROUND ................................................................................................... 5

LEGAL STANDARD ............................................................................................................... 6

ARGUMENT ............................................................................................................................ 7

   A.   Plaintiff is likely to succeed on the merits of his claim that Defendants violated the Administrative Procedure Act and 8 C.F.R. § 214.1(d). ............................................................ 7

      1.   Defendants' Termination of Plaintiff's SEVIS Record Violates the APA and 8 C.F.R. § 214.1(d) ................................................................................................................................ 8

      2.   Defendants' Failure to Provide Notice and Opportunity to Respond Constitutes an Additional APA Violation. ........................................................................................................ 8

   B.   Plaintiff is Likely to Succeed on the Merits of His Fifth Amendment Due Process Claim 9

      1.   Procedural Due Process Violation ................................................................................ 9

      2.   Substantive Due Process Violation ............................................................................. 10

   C.   Plaintiff Faces Irreparable Harm in the Absence of Injunctive Relief ............................. 10

   D.   The Balance of Equities and Public Interest Favor Plaintiff. ........................................... 11

CONCLUSION ....................................................................................................................... 12

## INTRODUCTION

Plaintiff Ahwar Sultan respectfully submits this Memorandum of Law in support of his Motion for a Temporary Restraining Order ("TRO") to preserve the status quo and prevent irreparable harm resulting from the government's unconstitutional and unlawful termination of his F-1 student status without notice or an opportunity to be heard.

Mr. Sultan's circumstances meet the legal standards for a preliminary injunction due to the likelihood of success on the merits, the irreparable harm he faces absent preliminary relief, the balance of equities, and the public interest served through injunctive relief.

## FACTUAL BACKGROUND

Plaintiff Ahwar Sultan ("Sultan") is a second-year graduate student at The Ohio State University ("OSU"), holding lawful F-1 nonimmigrant student status. Plaintiff Sultan has actively participated in various peaceful protests and advocacy activities concerning Palestinian human rights, organized primarily by Students for Justice in Palestine ("SJP") at OSU. Sultan has also engaged in multiple social justice-related activities, consistently expressing his views protected under the First Amendment. (Compl. ¶¶ 44-81).

On April 25, 2024, Plaintiff Sultan participated in a peaceful protest on OSU's South Oval demanding divestment from Israel. During this event, state troopers arrested Sultan along with other demonstrators, subsequently charging him. These charges were later dismissed following Sultan's completion of community service and attendance at a civil discourse workshop. (Compl. ¶¶ 65-71).

Months later, on March 27, 2025, Secretary of State Marco Rubio announced the revocation of visas for approximately 300 international students, explicitly linking this action to protests involving criticism of Israeli policies. Soon thereafter, on April 3, 2025, OSU informed

Sultan via email that his Student and Exchange Visitor Information System (SEVIS) status had been abruptly terminated, citing his identification in a criminal records check and/or a visa revocation. (Compl. ¶¶ 84-89).

Critically, revocation of a student's visa alone is insufficient grounds for terminating SEVIS registration according to ICE's guidelines and federal regulations, particularly for students lawfully admitted and maintaining their academic status. Sultan was not provided notice or an opportunity to respond before his SEVIS status termination. OSU President Ted Carter subsequently confirmed publicly that OSU had not received formal notification or information regarding the revocation of students' visas, including Sultan's. (Compl. ¶¶ 90-93).

Plaintiff Sultan is a full-time international student in lawful F-1 status, enrolled at The Ohio State University ("OSU"), who now faces irreparable harm due to Defendants' abrupt and unjustified termination of his student status under the SEVIS system. This termination occurred without any individualized notice, hearing, or opportunity to respond to the adverse information purportedly relied upon — in direct violation of Plaintiff's constitutional due process rights and the Administrative Procedure Act ("APA").

Plaintiff seeks immediate injunctive relief to halt this unlawful action, to prevent detention or removal, and to allow him to continue pursuing his education pending proper adjudication of his status.

## LEGAL STANDARD

Plaintiff is entitled to preliminary injunctive relief if they show: (1) likely success on the merits; (2) that they will suffer irreparable harm absent preliminary relief; (3) that the balance of equities tips in their favor; and (4) an injunction is in the public interest. *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008); *League of Women Voters of U.S. v. Newby*, 838 F.3d 1, 6

(D.C. Cir. 2016). The third and fourth factors "merge when the Government is the opposing party." Nken v. Holder, 556 U.S. 418, 435 (2009).

## ARGUMENT

**A. Plaintiff is likely to succeed on the merits of his claim that Defendants violated the Administrative Procedure Act and 8 C.F.R. § 214.1(d).**

Plaintiff Ahwar Sultan is likely to prevail on his claim that Defendants violated the Administrative Procedure Act (APA), 5 U.S.C. § 706(2)(A), (C), and (D), by unlawfully terminating his SEVIS record and F-1 student status without any legal basis and failing to provide notice or an opportunity to respond as required by DHS regulations. Plaintiff is also likely to show that ICE exceeded its authority in terminating Plaintiff's SEVIS record by failing to comply with 8 C.F.R. § 214.1(d), and that the termination was arbitrary, capricious, an abuse of discretion, or otherwise unlawful. See 5 U.S.C. § 706(2)(A).

The APA mandates courts to set aside agency actions found to be "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law" and those taken "without observance of procedure required by law." 5 U.S.C. § 706(2)(A), (D). Federal courts routinely grant TROs to prevent irreparable harm resulting from violations of students' procedural rights and arbitrary administrative actions concerning immigration status. See *Xiaotian Liu v. Noem*, No. 25-cv-133-SE (D.N.H. Apr. 10, 2025) (granting TRO based on likelihood of APA violation for arbitrary SEVIS termination without procedural due process); *Zhou v. Lyons*, No. 2:25-cv-02994-CV(SKx) (C.D. Cal. Apr. 15, 2025) (issuing TRO finding plaintiff likely to succeed on APA violation claim where ICE terminated SEVIS status arbitrarily without notice or justification); *see also Isserdasani v. Noem*, No. 25-cv-283-wmc (W.D. Wis. Apr. 15, 2025) (TRO granted based on arbitrary termination of SEVIS records violating 8 C.F.R. § 214.1(d).

7

1. **Defendants' Termination of Plaintiff's SEVIS Record Violates the APA and 8 C.F.R. § 214.1(d)**

Defendants' termination of Plaintiff Sultan's SEVIS record was arbitrary and capricious, lacking compliance with 8 C.F.R. § 214.1(d), which provides clear limitations on DHS's authority to terminate a student's nonimmigrant status. DHS can only terminate a student's SEVIS record under three circumstances explicitly outlined in 8 C.F.R. § 214.1(d):

1. When a previously-granted waiver under INA § 212(d)(3) or (4) is revoked;
2. When a private bill to confer lawful permanent residence is introduced in Congress; or
3. When DHS publishes a Federal Register notification identifying national security, diplomatic, or public safety reasons for termination.

*See* 8 C.F.R. § 214.1(d); *Isserdasani*, at 3; *Liu*, at 3.

None of these enumerated grounds exist in Plaintiff's case. Plaintiff Sultan's SEVIS record was terminated solely based on an alleged revocation of his visa and vague reference to "criminal records check," despite the absence of any qualifying criminal conviction or justified basis under the regulation (Complaint ¶¶ 87-90). This is a clear violation of regulatory requirements, rendering the termination unlawful under the APA. See *Zhou*, at 5 (finding likelihood of success on APA claim due to ICE's failure to comply with 8 C.F.R. § 214.1(d)); *Liu*, at 3 (holding arbitrary termination of F-1 status violates APA due to lack of regulatory basis under 8 C.F.R. § 214.1(d)).

2. **Defendants' Failure to Provide Notice and Opportunity to Respond Constitutes an Additional APA Violation.**

The termination of Plaintiff Sultan's F-1 status without prior notice or an opportunity to respond also constitutes a violation of procedural safeguards under the APA, 5 U.S.C. § 706(2)(D). DHS is required to provide nonimmigrant students sufficient notice and an opportunity to respond

8

before terminating their SEVIS records. *See* 8 C.F.R. § 214.3(g)(2); *Liu*, at 3; *Zhou*, at 5 (TRO issued where plaintiff was given no opportunity to respond to SEVIS termination).

Here, Plaintiff Sultan was never informed by DHS or ICE about the termination of his SEVIS status or provided with an opportunity to contest or clarify the underlying allegations leading to termination (Complaint ¶¶ 87-93). This procedural failure not only violates the explicit regulatory requirement but also undermines Plaintiff's due process rights under the APA, warranting immediate injunctive relief. See *Zhou*, at 5 (finding irreparable harm where plaintiff lost educational opportunities without procedural due process); *Liu*, at 4 (irreparable harm established by loss of academic progress and risk of deportation resulting from arbitrary SEVIS termination).

### B. Plaintiff is Likely to Succeed on the Merits of His Fifth Amendment Due Process Claim

The Fifth Amendment guarantees that "[n]o person shall be... deprived of life, liberty, or property, without due process of law." U.S. Const. amend. V. Courts have long recognized that noncitizens physically present in the United States are entitled to due process protections. *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001); *Yamataya v. Fisher*, 189 U.S. 86, 100–01 (1903).

#### 3. Procedural Due Process Violation

"The fundamental requirement of due process is the opportunity to be heard at a meaningful time and in a meaningful manner." *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976); *see also Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). Courts consistently find procedural due process violations where noncitizens are subjected to immigration actions—such as visa revocations or detention—without sufficient prior notice and opportunity to respond.

Here, Sultan received no notice of his visa revocation or opportunity to contest the purported basis for it. Such summary revocation without any procedural safeguards clearly contravenes Fifth Amendment requirements. *Reno v. Flores*, 507 U.S. 292, 306 (1993) (due process requires notice and an opportunity to be heard before deprivation of liberty interests).

### 4. Substantive Due Process Violation

The Fifth Amendment's substantive due process protections safeguard individuals from arbitrary government actions, particularly where such actions impinge on fundamental constitutional rights. *County of Sacramento v. Lewis*, 523 U.S. 833, 845–46 (1998).

The arbitrary and retaliatory nature of the government's actions—revoking a visa based solely on protected speech—is precisely the type of executive misconduct substantive due process doctrine forbids. Targeting Sultan's constitutionally protected speech and peaceful assembly without any legitimate governmental interest fails even minimal rationality review, much less heightened scrutiny applied to fundamental rights. *Washington v. Glucksberg*, 521 U.S. 702, 720 (1997) (substantive due process requires that government actions infringing on fundamental rights be narrowly tailored to serve compelling government interests).

Accordingly, Plaintiff Sultan has a strong likelihood of prevailing on his procedural and substantive due process claims.

### C. Plaintiff Faces Irreparable Harm in the Absence of Injunctive Relief

"Irreparable harm is traditionally defined as harm for which there is no adequate legal remedy, such as an award of damages." Ariz. Dream Act Coalition v. Brewer, 757 F.3d 1053, 1068 (9th Cir. 2014).

Plaintiff Sultan faces immediate and irreparable harm from Defendants' arbitrary termination of his SEVIS status, including the abrupt cessation of his academic pursuits, loss of

employment authorization, and imminent threat of detention or deportation (Complaint ¶¶ 88-91). Courts have consistently recognized such consequences as irreparable harm warranting immediate relief. *See Isserdasani,* at 9-10 (holding termination of SEVIS records just before graduation constitutes irreparable harm); *Liu*, at 4 (finding irreparable harm where SEVIS termination disrupts plaintiff's academic trajectory and eligibility for employment); *Zhou*, at 5 (acknowledging irreparable harm from SEVIS termination where plaintiff faced inability to attend classes or complete degree).

Further, the Supreme Court has repeatedly recognized that "[t]he loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." *Elrod v. Burns*, 427 U.S. 347, 373 (1976); *Aracely R. v. Nielsen*, 319 F. Supp. 3d 110, 144 (D.D.C. 2018) (violation of due process rights of asylum seeker justified injunction). Here, Sultan faces imminent deportation proceedings and potential exclusion from the United States due solely to protected political expression. These government actions threaten to silence his speech permanently, impose significant reputational damage, interrupt his academic and professional trajectory, and cause profound emotional and psychological distress—all harms that courts routinely consider irreparable and that cannot be adequately remedied by monetary damages.

<u>Given these immediate and severe consequences, Plaintiff's request for injunctive relief to maintain the status quo pending a preliminary injunction hearing is both necessary and appropriate. Absent immediate injunctive relief, Plaintiff faces (1) imminent risk of detention and removal; (2) the loss of his educational opportunity at The Ohio State University; (3) the stigma and long-term immigration consequences of an F-1 termination on his record and; (4) irreversible disruption to his academic and professional future.</u>

**D. The Balance of Equities and Public Interest Favor Plaintiff.**

The balance of equities and the public interest strongly support issuing a TRO. Defendants face no harm from reinstating Plaintiff's SEVIS record and restoring his F-1 status, particularly given their lack of compliance with procedural and substantive regulatory requirements. Conversely, the harm to Plaintiff—loss of academic standing, employment, and potential removal from the United States—is substantial. See *Liu*, at 5 (public interest favors compliance with regulatory procedures and enabling nonimmigrant students to pursue educational opportunities); *Zhou*, at 5 (balance of equities and public interest favor preserving student status pending judicial review).

Moreover, upholding procedural protections and preventing arbitrary administrative actions are strongly aligned with the public interest in ensuring lawful government conduct and promoting fair immigration procedures. Lastly, the public interest is always served by upholding constitutional guarantees and ensuring that the federal government complies with its own regulations.

## CONCLUSION

Mr. Sultan is likely to succeed on the merits of the claims for relief. The urgency of his situation and the potential for irreparable harm necessitate immediate action. For the foregoing reasons, Plaintiff respectfully requests that this Court grant his Motion for Preliminary Injunction and grant the entirety of the relief sought therein.

Dated: April 17, 2025                        Respectfully Submitted,

                                             */s/ Jana Al-Akhras*
                                             Jana Al-Akhras, Esq. (OH: 0096726)
                                             Phone: (929) 988-0912
                                             Email: ja@urenaesq.com

                                             Rafael Urena, Esq. (NY: 5164058)

Phone: (703) 989-4424
Email: ru@urenaesq.com

**URENA & ASSOCIATES**
42 West St. Suite 136
Brooklyn, NY 11222
info@urenaesq.com / (888) 817-8599
*Counsel for Plaintiffs*