UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHWAR SULTAN, et al., <br><br> Plaintiffs, <br><br> v. <br><br> DONALD J. TRUMP, <br> President of the United States, et al., <br><br> Defendants. | Civil Action No. 25-1121 (TSC) |

## JOINT STATUS REPORT

Plaintiffs and Defendants, by and through the undersigned counsel, respectfully file this joint status report pursuant to the Court's April 25, 2025, Order. Counsel for the parties, via telephone, met and conferred on April 25, 2025. The parties were unable to reach an agreement in relation to a briefing schedule because the parties were unable to agree on the directive of the Court. As such, the parties state the following.

### PLAINTIFFS' POSITION

Plaintiffs interpret this Court's April 25, 2025 Opinion and Order requiring the Department of Homeland Security to appear before the Court so that the court can ascertain all the information necessary to dispose of the Plaintiffs' Motion for Temporary Restraining Order. In the Courts Memorandum and Order, the Court stated "defense counsel's inability to inform the court Sultan's current F-1 legal status not only exasperates Sultan's harm, but also inhibits judicial review." At the TRO hearing, this Court expressed significant frustration, remarking, "How can I rule on this motion without that information? That's ridiculous" and emphasizing that Defendants placed Mr. Sultan in an "impossible situation" TRO Hr'g Tr. at 14:1-15, 16:1-2. As such, this Court has not

fully disposed of Plaintiffs Motion for Temporary Restraining Order. Thus, the Plaintiff' propose the following:

Plaintiffs will file a Motion for Expedited Production of the Administrative Record on April 26, 2025. Defendants shall respond to the motion on April 29, 2025. Plaintiffs need not reply to the response.

In accordance with this Courts April 25, 2025 Order, Plaintiffs request an evidentiary hearing on May 2, 2025 wherein a representative of the United States Department of Homeland Security ("DHS") is present and can make representations as to what Plaintiff Sultan's F-1 status currently is Plaintiffs believe the hearing is necessary for the Court to complete its findings as related to the TRO motion and believe no further briefings are necessary on the TRO.

After the evidentiary hearing and orders, if the Court deems such orders necessary, the Plaintiffs will file their Motion for Preliminary Injunction on May 9, 2025, Defendants shall respond by May 16, 2025. Plaintiffs shall reply to the response by May 23, 2025. If the Court is available, the Plaintiffs'z propose a May 30, 2025 hearing on the motion for preliminary injunction.

## DEFENDANTS' STATEMENT

Defendants understand the Court's order (ECF No. 13) to require the government to provide a witness for an evidentiary hearing on Plaintiffs' forthcoming motion for preliminary injunction; not to provide a witness at some earlier hearing to present facts detached from any pending motion before the Court. This understanding is based on several factors. *First*, the text of the Court's order makes clear that the Court has issued its decision on Plaintiffs' motion for temporary restraining order, and the Court did not indicate that it was withholding decision on any portion of the motion for temporary restraining order. *Second*, Plaintiffs' understanding noted

above would convert the Court's order into a sua sponte order for expedited discovery without Plaintiffs making the requisite showing for such discovery or affording Defendants the opportunity to respond to that request. *Third*, presently, there is no active motion before the Court for which testimony or further factual development is necessary, and thus, it would be inconsistent with rules of party presentation to order in-court testimony or factual presentations at this time before any motion for a preliminary injunction is filed. *See generally United States v. Sineneng-Smith*, 590 U.S. 371, 376 (2020) (Courts "do not, or should not, sally forth each day looking for wrongs to right. They wait for cases to come to them, and when cases arise, courts normally decide only questions presented by the parties." (cleaned up)). Accordingly, Defendants understood the Court's direction to "ensure that a representative of [DHS] is present at its next scheduled hearing who can make authoritative representations to the court on behalf of the agency and United States Immigration and Customs Enforcement" (ECF No. 10) to refer the upcoming hearing on Plaintiffs' forthcoming motion for a preliminary injunction where the information requested by the Court may be germane to its decision on that motion.

In view of this understanding, Defendants propose that the Court enter the schedule noted above by Plaintiffs above, namely:

- Plaintiffs will file their motion for preliminary injunction on May 9, 2025,
- Defendants shall respond by May 16, 2025,
- Plaintiffs shall file their reply by May 23, 2025, and
- the Court will convene a hearing on that motion on May 30, 2025, at which the government will present a witness to testify consistent with the Court's order.

Additionally, Defendants ask that any response to any potential motion to compel the administrative record and a motion for expedited discovery be due on April 30, 2025.

3

Respectfully Submitted,

| | |
|---|---|
| /s/ Jana Al-Akhras<br>Jana Al-Akhras, Esq. (OH: 0096726)<br>Phone: (929) 988-0912<br>Email: ja@urenaesq.com<br><br>Rafael Urena, Esq. (NY: 5164058)<br>Phone: (703) 989-4424<br>Email: ru@urenaesq.com<br><br>*Attorneys for Plaintiffs*<br><br>Dated: April 26, 2025 | EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney<br><br>By:     */s/ Brian P. Hudak*<br>    BRIAN P. HUDAK<br>    Chief, Civil Division<br>    601 D Street, NW<br>    Washington, DC 20530<br>    (202) 252-2549<br><br>*Attorneys for United States of America* |