UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHWAR SULTAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP,<br>President of the United States, et al.,<br><br>        Defendants. | Civil Action No. 25-1121 (TSC) |

**DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR EXPEDITED
PRODUCTION OF ADMINISTRATION RECORD**

Defendants respectfully submit this response to the motion for the expedited production of an administrative record (ECF No. 14, "Sultan Mot.") filed by Plaintiff Ahwar Sultan. Defendants have no objection to producing an administrative record regarding the termination of Sultan's Student and Exchange Visitor Information System ("SEVIS") record at a reasonable time to facilitate the Court's resolution of Sultan's forthcoming motion for a preliminary injunction. Defendants propose to file the SEVIS administrative record on May 16, 2025, accompanying their opposition to Sultan's forthcoming motion should the Court require one after reviewing Sultan's forthcoming motion. This proposal aligns with the procedure used by other judges in this district that have recently considered SEVIS termination cases. *See, e.g.*, Min. Order, *Patel v. Lyons*, Civ. A. No. 25-1096 (ACR) (D.D.C. Apr. 25, 2025) (directing government to file a SEVIS administrative record to facilitate the review of plaintiff's motion for a preliminary injunction coincident to filing the government's opposition); Min. Order, *Bushireddy v. Lyons*, Civ. A. No. 25-1102 (SLS) (D.D.C. Apr. 25, 2025) (same); *Obute v. Dep't of Homeland Sec.*, Civ. A. No. 25-1147 (SLS) (D.D.C. Apr. 25, 2025) (same); Order, *Khademi v. Noem*, Civ. A. No. 25-1206 (SLS)

(D.D.C. Apr. 25, 2025), ECF No. 20 (same); *Nagarapu v. Student & Exch. Visitor Program*, Civ. A. No. 24-1175 (JMC) (D.D.C. Apr. 25, 2025) (same).

Undersigned government counsel proposed this approach to Plaintiffs' counsel, and Plaintiffs' counsel rejected it. Instead, Sultan asks this Court to deviate from the common period for providing an administrative record in this case, despite articulating no reason to do so. Also, while absent from Sultan's motion, Sultan's counsel has asked the government to produce an administrative record for the State Department's revocation of his visa, despite the Court plainly lacking any jurisdiction to review that decision. 8 U.S.C. § 1201(i). And, lastly, Sultan vaguely asks the Court to (perhaps) authorize expedited extra-record discovery, despite his requests for expedited provisional relief arising under the Administrative Procedure Act ("APA") and other record-review causes of action. Indeed, by seeking an administrative record, Sultan concedes this is an administrative review case where discovery is inappropriate as the Court's role is to assess the bona fides of the agency's determination based on the record before it. For these reasons, if the Court believes it helpful to consider an administrative record regarding the termination of Sultan's SEVIS record in assessing Sultan's forthcoming motion for a preliminary injunction, it should order the government to produce one with its opposition to Sultan's forthcoming motion.

I.  **The Common Approach Adopted by Judges in This District That Wish to See a SEVIS Administrative Record Makes Sense.**

As noted above, the common approach adopted by judges in cases of this type is to order the production of a SEVIS administrative record with the government's opposition to a plaintiff's motion for preliminary injunction. *See supra*. This is consistent with the Court's Local Rules and makes sense.

While the Local Rules do not discuss the production of an administrative record for motions seeking provisional injunctive relief, they do contain default rules for when the

government must file a certified index of the administrative record in record review cases.  Local Rule 7(n)(1) provides:

> In cases involving the judicial review of administrative agency actions, unless otherwise ordered by the Court, the agency must file a certified list of the contents of the administrative record with the Court within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first.

LCvR 7(n)(1).  That is, the Local Rules call for the government to submit the contents of the administrative record with its response to the complaint—not before.

This rule makes all the sense in the world.  Until the government understands what decisions are being challenged, it has uncertainty of what record to assemble or whether the assembly of a record concerns an action that falls outside the Court's jurisdiction.  That consideration is fully illuminated here.  While Sultan purported to challenge both the termination of his SEVIS record and the revocation of his visa, the Court's temporary restraining order only restrained the government's actions as to the former (this was for a good reason: the Court lacks jurisdiction to consider Sultan's challenge to his visa revocation, *see infra*).  Additionally, Plaintiffs' existing complaint claims that there was a decision to target Sultan for his First Amendment activities.  While the temporary restraining order record, and the government's consistent filings in SEVIS cases now dispel that notion,[1] it is unclear whether Sultan will use this additional claim as a basis for his forthcoming motion.

Accordingly, the Court should follow the consistent practice of its colleagues in these SEVIS termination cases and direct the government to file an administrative record with its

---

[1]    As the government has explained, the recent SEVIS terminations were the product of an initiative to compare SEVIS records with law enforcement encounters maintained in the National Crime Information Center—not any protected First Amendment activity.  *See, e.g.*, Watson Decl. (ECF No. 8-1) ¶ 7; Hr'g Tr. at 5–6, *Patel, supra*, ECF No. 18.

opposition to Sultan's forthcoming motion for a preliminary injunction should it require one to evaluate the merits of that motion.

## II.     Ordering an Administrative Record Regarding the State Department's Decision to Revoke Sultan's Record Falls Outside the Jurisdiction of the Court.

While Sultan's motion only seeks an administrative record regarding his SEVIS termination, his counsel indicated to government counsel that he also now seeks an administrative record from the State Department about his visa revocation.  The Court should deny this latter request (a request that is not at all apparent from the face of Sultan's motion) even were it to consider it.  In short, a nonimmigrant, noncitizen cannot challenge a revocation of their visa by the State Department in district court.  Section 221(i) of the Immigration and Nationality Act ("INA"), 8 U.S.C. § 1201(i), states, in relevant part:

> After the issuance of a visa or other documentation to any alien, the consular officer or the Secretary of State may at any time, in his discretion, revoke such visa or other documentation. . . . There shall be no means of judicial review (including review pursuant to section 2241 of title 28 or any other habeas corpus provision, and sections 1361 and 1651 of such title) of a revocation under this subsection, except in the context of a removal proceeding if such revocation provides the sole ground for removal under section 1227(a)(1)(B) of this title.

*Id.*  The D.C. Circuit has held that the statute means what it says: "[c]onsular officers have complete discretion over issuance and revocation of visas."  *Saavedra Bruno v. Albright*, 197 F.3d 1153, 1158 n.2 (D.C. Cir. 1999).  The rationale of this rule relies, in part, on the nature of a visa. While a visa is evidence of a noncitizen's status, "[a] visa merely gives the alien permission to arrive at a port of entry and have an immigration officer independently examine the [noncitizen's] eligibility for admission."  *Id.* at 82.  That is, the revocation or expiration of a visa does not itself terminate a noncitizen's immigration status.  *See, e.g.*, *Jie Fang v. Dir. U.S. Immigr. & Customs Enf't*, 935 F.3d 172, 176 & n.23 (3d Cir. 2019) (identifying means to terminate F-1 status and noting that visa revocation is distinct).  And where it has a bearing on a noncitizen's status (e.g.,

when removal proceedings are commenced based upon a visa revocation, 8 U.S.C. § 1227(a)(1)(B), the law affords that noncitizen to probe the bases for that revocation in removal proceedings. 8 U.S.C. § 1201(i). But even then, there is no jurisdiction of a district court to act. *See, e.g.*, 8 U.S.C. §§ 1252(b)(9), (g).[2]

Because the Court lacks jurisdiction over Sultan's visa revocation claims, it concomitantly lacks authority to order the government to engage in merits-based productions of information— i.e., the production of an administrative record for the State Department's visa revocation or ordering discovery of the same. Plainly, the Court "has jurisdiction to determine its own jurisdiction[.]" *United States v. United Mine Workers of Am.*, 330 U.S. 258, 292 n.57 (1947). That said, before the Court confirms it has jurisdiction over the subject matter of the claims presented, its authority is limited. The Court may "determine the facts . . . or the law" relevant to its inquiry into its subject matter jurisdiction over the merits of the dispute, *id.*, it may also enter orders to preserve or protect the status quo to afford it time to reach a determination on its jurisdiction. *Id.* at 293. In aid of its jurisdictional inquiry the Court may also permit discovery to resolve factual issues necessary to its jurisdictional inquiry. *See generally Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg., Inc.*, Civ. A. No. 19-7675, 2021 WL 2433653, at *4 (N.D. Ill. June 15, 2021) ("although courts are reluctant to allow even jurisdictional discovery where personal jurisdiction seems clearly absent, jurisdictional discovery is still permitted in some circumstances to allow courts to determine whether they have jurisdiction"). But the Court's authority stops there before it satisfies itself that it has jurisdiction over a matter.

---

[2]     The jurisdiction stripping provisions of Section 1252 apply equally to constitutional claims, channeling review of those claims (like all others related to the removal process) in immigration courts. 8 U.S.C. §§ 1252(a)(2)(D), (b)(9).

Controlling authorities make clear that a court may not turn to the merits before satisfying itself of jurisdiction. *See, e.g.*, *Searcy v. Smith*, No. 20-7048, 2021 WL 2453044, at *1 (D.C. Cir. Mar. 5, 2021) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction)." (quoting *Sinochem Int'l Co. Ltd. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430-31 (2007) ("[A] federal court generally may not rule on the merits of a case without first determining that it has jurisdiction over the category of claim in suit (subject-matter jurisdiction) and the parties (personal jurisdiction).")); *Kaplan v. Cent. Bank of the Islamic Republic of Iran*, 896 F.3d 501, 511 (D.C. Cir. 2018) ("With regard to subject-matter jurisdiction, a court must assure itself of the existence of subject-matter jurisdiction before reaching the merits regardless of whether a party raises a jurisdictional challenge."). Thus, a court lacks authority to command productions of information relevant to the merits of a dispute before determining whether jurisdiction exists. *See Aland v. Dep't of Interior*, Civ. A. No. 22-5821, 2022 WL 18027569, at *4 (N.D. Ill. Dec. 30, 2022) ("proceeding to merits discovery before subject matter jurisdiction has been litigated raises concerns about overstepping this court's authority" (cleaned up)). "That is because a federal court acting without subject-matter jurisdiction violates federalism and separation-of-powers principles underlying our constitutional system." *Id.* (cleaned up; quoting *McHugh v. Ill. Dep't of Transp.*, 55 F.4th 529, 533 (7th Cir. 2022) ("if there is no jurisdiction there is no authority to sit in judgment of anything else" (quoting *Vt. Agency of Nat. Res. v. United States ex rel. Stevens*, 529 U.S. 765, 778–79 (2000) ("Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.")))).

Ultimately, until Sultan files his motion for a preliminary injunction, the government does not know if Sultan will confine his request for a preliminary injunction to the basis of the Court's temporary restraining order or if he will continue to base his requests on his visa revocation claims. If he continues with the latter, the Court must first satisfy itself that it has jurisdiction over those claims before ordering the government to produce information regarding the merits of the revocation. Because it is clear the Court has no such jurisdiction, the Court should not order the government to disclose information related to the merits of that claim.

## III.    Discovery Outside of the Production of a SEVIS Administrative Record Is Inappropriate.

At times, Sultan's motion suggests that all he seeks is a SEVIS administrative record. Sultan Mot. (ECF No. 14) at 7 n.1 ("Plaintiff seeks only the administrative record relating to an agency action subject to routine judicial review."); *id.* at 9 ("[t]he targeted administrative record sought here falls squarely within the permissible bounds of APA review"). Whereas in other passages, Sultan hints at seeking discovery beyond an administrative record. *See id.* at 10 (seeking administrative record plus "closely related documents"). This vagueness itself should doom any request for extra-record materials. After all, Defendants cannot meaningfully respond to such a vaguely worded and confusing request, nor can the Court apply precedents to determine its propriety. Were the Court to ignore the vagueness of Sultan's request, the Court should still reject it. Indeed, any request for "immediate" extra-record discovery fails.

First and foremost, as Sultan makes clear in asking for an administrative record, the claims he relied on to support his request for a temporary restraining order (which are the claims in the complaint pertaining to his SEVIS termination and visa revocation) arise under the APA and the Fifth Amendment. These claims are classic record review claims. *See Am. Bioscience, Inc. v. Thompson*, 243 F.3d 579, 582 (D.C. Cir. 2001) (APA "review must be based on the full

administrative record that was before the [agent] at the time it made its decision (cleaned up));

*Chiayu Chang v. U.S. Citizenship & Immigr. Servs.*, 254 F. Supp. 3d 160, 162 (D.D.C. 2017)

(Bates, J.) (collecting authorities; recognizing that courts have "found that, where a plaintiff's

constitutional claims fundamentally overlap with their other APA claims, discovery is neither

needed nor appropriate.").

Indeed, "it is black-letter administrative law that in an APA case, a reviewing court 'should

have before it neither more nor less information than did the agency when it made its decision.'"

*Hill Dermaceuticals, Inc. v. FDA*, 709 F.3d 44, 47 (D.C. Cir. 2013) (quoting *Walter O. Boswell*

*Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984)). "Exceptions to [the record review]

rule are quite narrow and rarely invoked," *CTS Corp. v. EPA*, 759 F.3d 52, 64 (D.C. Cir. 2014),

and the "principle" that "judicial review of agency action is normally to be confined to the

administrative record . . . exerts its maximum force when the substantive soundness of the agency's

decision is under scrutiny," *Esch v. Yeutter*, 876 F.2d 976, 991 (D.C. Cir. 1989). "In order to

overcome the presumption that the record was not properly designated, [a] plaintiff must put forth

concrete evidence" and "'identify reasonable, nonspeculative grounds for its belief that the

documents were considered by the agency and not included in the record.'" *Sara Lee Corp. v. Am.*

*Bakers Ass'n*, 252 F.R.D. 31, 34 (D.D.C. 2008) (quoting *Pac. Shores Subdivision v. Army Corps*

*of Eng'rs*, 448 F. Supp. 2d 1, 6 (D.D.C. 2006)). The plaintiff "must do more than imply that the

documents at issue were in the [agency's] possession," and "prove that the documents were before

the actual decisionmakers involved in the determination." *Id*.; *see also Pac. Shores*, 448 F. Supp.

2d at 6.

Here, Sultan fails to grapple with these rules and presents no argument how any extra-

record discovery requests fall within the narrow and rare exceptions to the record review rule.

Instead, Sultan suggests that discovery is somehow necessary "to present the Court with the full administrative record[.]"  Sultan Mot. (ECF No. 14) at 6.  But until Sultan has filed his preliminary injunction motion, and the government has produced an administrative record if the Court requires one, Sultan has no basis to suggest that record is incomplete or that government officials considered records outside of that record.  Under the government's approach, Sultan will have plenty of time to make any motion suggesting the record is baren or incomplete after the government's opposition and before the Court's hearing on his forthcoming motion for a preliminary injunction.

Moreover, Sultan fails to explain why discovery outside the administrative record is necessary.  Instead, Sultan's arguments in favor of "discovery," all turn on the need for an administrative record and the lack of burdens in assembling one.  *Id.* at 9 ("requiring the Executive to produce the administrative record merely ensures that courts can fulfill their constitutional duty to say what the law is and to guard against unlawful government action"), 11 ("requiring Defendants to produce the administrative record early is not an extraordinary burden or unusual imposition").  At bottom, Sultan offers no explanation of how extra-record materials are necessary for the Court to consider in evaluating his forthcoming motion.

*    *    *

## CONCLUSION

For the foregoing reasons, the Court should deny Sultan's motion for the immediate production of an administrative record and, to the extent he asks for it, for extra-record emergency discovery.  If the Court wishes to review an administrative record in considering Sultan's forthcoming motion for a preliminary injunction, it should order Defendants to produce it with their opposition.  A proposed order is enclosed herewith.

Dated: April 30, 2025
      Washington, DC

Respectfully submitted,

EDWARD R. MARTIN, JR., D.C. Bar #481866
United States Attorney

By:       */s/ Brian P. Hudak*
      BRIAN P. HUDAK
      Chief, Civil Division
      601 D Street, NW
      Washington, DC 20530
      (202) 252-2500 (main)

*Attorneys for the United States of America*