UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| AHWAR SULTAN, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>DONALD J. TRUMP,<br>President of the United States, et al.,<br><br>        Defendants. | Civil Action No. 25-1121 (TSC) |

**JOINT STATUS REPORT**

The parties in this action jointly submit this status report in response to the Court's Minute Order of May 1, 2025. In its Minute Order, the Court made certain inquiries regarding the Student and Exchange Visitor Information System ("SEVIS") record of Plaintiff Ahwar Sultan. The parties respectfully respond as follows.

**I.    Sultan's SEVIS Record Has Been Restored.**

As to the Court's first question—has Sultan's SEVIS record "been reactivated, and if so, whether the reactivation was the result of the Court's" temporary restraining order (ECF No. 13)—the parties agree that Sultan's SEVIS record has been reactivated, and Immigration and Customs Enforcement ("ICE") represents that the record was reactivated in response to the Court's temporary restraining order. That said, ICE has authorized undersigned government counsel to further represent that Sultan's SEVIS record would have been reactivated irrespective of the temporary restraining order as ICE did with other SEVIS records where no provisional injunctive relief was ordered. *See, e.g.*, Notice, *Badam v. Lyons*, Civ. A. No. 25-1098 (CJN) (D.D.C. Apr. 25, 2025), ECF No. 13; Notice, *Ali v. Dep't of Homeland Sec.*, Civ. A. No. 25-1151 (CJN) (D.D.C. Apr. 25, 2025), ECF No. 13; Notice, *Ozturk v. Noem*, Civ. A. No. 25-1203 (CJN) (D.D.C. Apr. 25,

2025), ECF No. 14.  Moreover, after the Court's temporary restraining order, ICE adopted a new policy regarding SEVIS terminations.  *See* New SEVIS Policy, attached hereto as Government Exhibit 1 ("Gov't Ex. 1").

## II. The Parties Have Differing Views on the Need to Extend the Temporary Restraining Order in this Case.

As to the Court's second question—"whether, assuming Plaintiff Sultan's SEVIS record has been reactivated, the court needs to extend its" temporary restraining order (ECF No. 13) "past May, 9, 2025, until the court's resolution of Plaintiffs' forthcoming preliminary injunction motion"—the parties have differing views.

### A. Plaintiff's Position

Plaintiff respectfully urges the Court to extend its temporary restraining order. Defendants have made no representations regarding the current status of Plaintiff's visa. Plaintiff has substantial reason to believe that the revocation of his visa directly resulted from the unlawful termination of his SEVIS record pursuant to Defendants' Student Criminal Alien Initiative. Defendants have not demonstrated that Plaintiff's visa revocation arose from any reason other than the very conduct this Court previously declared unlawful.

Moreover, Plaintiff Sultan's revoked visa places him in a position of heightened vulnerability under the recently enacted SEVP Policy Regarding Termination of Records. Under this new policy, one explicit basis for terminating a SEVIS record is a "U.S. Department of State Visa Revocation (Effective Immediately)." Specifically, the policy contains a dedicated section titled "Visa Revocations," which provides that when the Department of State "revokes an alien's visa with immediate effect, ICE should take steps to initiate removal proceedings." It further states explicitly that "if State revokes a nonimmigrant visa effective immediately, SEVP may terminate the nonimmigrant's SEVIS record based on the visa revocation with immediate effect, as such a

revocation can serve as a basis of removability under INA § 237(a)(1)(B)." Notably, this policy does not provide for any notice or procedural due process protections.

Consequently, Plaintiff Sultan faces imminent risk of having his SEVIS record terminated once more, solely due to his existing visa revocation, which itself is a direct consequence of Defendants' unlawful actions under the Student Criminal Alien Initiative. Furthermore, under the new policy, this visa revocation alone empowers ICE to initiate removal proceedings against Plaintiff Sultan.

Defendants have provided no proof that Plaintiff Sultan's visa revocation is prudential, nor was any representation of such made in the communication from the U.S. Consulate Mumbai when informing Plaintiff that he was no longer in lawful status and should make plans to depart the United States. Additionally, even if the current visa revocation is prudential, there is nothing to indicate that an immediate revocation would not occur following the termination of this temporary restraining order. Regardless of possible future outcomes, it remains that the Department of State revoked Plaintiffs visa as a result of the SEVIS termination, and any revocation on the basis of the Student Criminal Alien Initiative and Ideological Deportation Policy is unlawful.

Defendants are effectively recreating through policy the very outcome—a sequence of visa revocation, SEVIS termination, and initiation of removal proceedings—that multiple courts, including this Court, have already declared unlawful. Without continued intervention and protection from this Court, Plaintiff Sultan remains vulnerable to detention, removal, and subsequent bars from reentering the United States, all stemming from a visa revocation unlawfully executed under Defendants' Student Criminal Alien Initiative.

Moreover, a preliminary injunction is necessary as there are still matters for this Court to consider and Plaintiffs have not had an opportunity to review the administrative record.

**B.     Defendants' Position**

By contrast, ICE does not consent to the extension of the temporary restraining order. As noted above, ICE has represented that Sultan's SEVIS record would have restored irrespective of the Court's temporary restraining order. Further, ICE has authorized undersigned government counsel to represent the following:

1. Based on information presently known to ICE, Sultan continues to have nonimmigrant status in the United States, and ICE has no current plans to initiate removal proceedings against him.

2. ICE has no plans under its new SEVIS policy to re-terminate Sultan's SEVIS record solely on the NCIC record that led to the termination last month.

3. ICE views the reactivation of Sultan's SEVIS record to have retroactive effect to the date of the earlier termination, i.e., ICE takes the view that there is no "gap" or "lapse" in Sultan's SEVIS record.

4. ICE intends to provide Sultan with a letter regarding the retroactive effect of the SEVIS record reactivation so that Sultan can provide that letter to USCIS or any other government official to alert such officials to ICE's position on the retroactivity of the reactivation.

ICE also refers the Court to the enclosed Declaration of Andre Watson of May 6, 2025, which provides further information regarding ICE's new SEVIS policy and its reactivations of SEVIS records. *See* Watson Decl. of May 6, 2025, Gov't Ex. 2.

Sultan's claim that he "faces imminent risk of having his SEVIS record terminated once more, solely due to his existing visa revocation" misunderstands ICE's new SEVIS policy. The new policy contemplates a SEVIS termination in response to a visa revocation only when the visa revocation is with immediate effect. Sultan does not allege that is the case here because it is not. Instead, the State Department prudentially revoked Sultan's visa. A prudential revocation of a visa differs from an immediate revocation. While an immediate revocation occurs only in certain specified circumstances, the State Department retains discretion to prudentially revoke a visa where warranted in its discretion, including "when it receives derogatory information directly from

another U.S. Government agency[.]"  9 Foreign Affs. Manual 403.11-5(B).  Prudential visa revocations are "made effective upon the subject's departure from the United States, when the subject is physically present in the United States at the time of revocation."  State Dep't / AILA Liaison Committee Meeting, Agenda at 11 (Apr. 11, 2019), https://perma.cc/D4G6-8VSM (pinned May 5, 2025).

The above not only obviates the need to extend the Court's temporary restraining order, it also renders unnecessary Sultan's request for a preliminary injunction and it likely deprives the Court of jurisdiction over this case under *Moharam v. Transportation Security Administration*, --- F.4th ---, 2025 WL 1141954, at *6–8 (D.C. Cir. Apr. 18, 2025).  Accordingly, the Court should not extend the temporary restraining order in this matter.

Respectfully submitted,

| | |
|---|---|
| URENA & ASSOCIATES PLLC | EDWARD R. MARTIN, JR., D.C. Bar #481866<br>United States Attorney |
| By:  */s/ Rafael N. Urena*<br>RAFAEL N. URENA<br>JANA AL-AKHRAS<br>42 West St. Suite 136<br>Brooklyn, NY 11222<br>(888) 817-8599<br>info@urenaesq.com | By:  */s/ Brian P. Hudak*<br>BRIAN P. HUDAK<br>Chief, Civil Division<br>601 D Street, NW<br>Washington, DC 20530<br>(202) 252-2500 (main) |
| *Attorneys for Plaintiffs* | *Attorneys for the United States of America* |

Dated: May 9, 2025